

505 MORRIS AVENUE
SPRINGFIELD, NJ 07081
TEL: 973-379-4200
FAX: 973-379-7872
www.lawjw.com

July 3, 2023

**VIA ELECTRONIC FILING**

Honorable Christine P. O'Hearn
United States District Judge for the District of New Jersey
Mitchell H. Cohen Building &
U.S. Courthouse, Room 1050
4th & Cooper Streets
Camden, NJ 08102

Re:   New Jersey Staffing Alliance et al. v. State of New Jersey et al.
      Docket No: 1:23-cv-02494-CPO-MJS

Dear Judge O'Hearn:

**PRELIMINARY STATEMENT**

We represent Plaintiffs, New Jersey Staffing Alliance, New Jersey Business and Industry Association and the American Staffing Association. We respectfully submit this letter in lieu of a more formal brief, to address the issues raised in the Court's Order of June 26, 2023 (D.E. 28), following advice from the State Defendants, effectively, Robert Asaro-Angelo, Commissioner of the Department of Labor and Workforce Development, and Cari Fais, Acting Director of the Division of Consumer Affairs in the Department of Law and Public Safety ("the State Defendants"), that they would not consent to a stay pending the issuance of proposed regulations and for the 60 day comment period thereafter.

The Defendants' recent acknowledgement of soon-to-be announced interpretive regulations explaining the meaning of the staffing legislation pay and benefits provisions

Honorable Christine P. O'Hearn
Re:  New Jersey Staffing Alliance et als v. State of New Jersey et als
     Docket No: 1:23-cv-02494-CPO-MJS
Page  2

calls out for a stay of enforcement. This novel Legislation is the first of its kind in the nation and contains no relevant definitions. The industry is flummoxed. Come August 5, member companies and their clients risk joint and several liability for guessing wrong as to the meaning of these vague provisions.

Rather than acknowledging the upcoming tempest of the Legislation's own making, and allowing all involved to take shelter, Defendants instead insist that the rain must come. Individual companies cited, they claim, can seek mercy. Yet that impractical position is worse than unhelpful. There is no good reason why it is in the public interest to unleash these provisions.

It is for this reason that the Court's questions, answered in this brief, rightly ask what impacts arise from the Defendants' promised regulations. The answer is that the impacts are plenty and reinforce the need for preliminary injunctive relief.

**1.   Whether and how Defendants' forthcoming notice of proposed regulations interpreting the statute at issue in this case affects Plaintiffs' void-for-vagueness claims.**

The statute at issue in this case is N.J.S.A. 34:8D-7 that, effective August 5, 2023, requires temporary staffing companies to pay temporary employees no less than the average rate of pay and the average cost of benefits, or their cash equivalent, of employees of third-party clients, performing the same or substantially similar work on jobs requiring equal skill, effort, and responsibility, performed under similar working conditions. The record for Plaintiffs' instant application is replete with complaints, which we do not repeat here, from industry members that, even assuming third party employees are

willing to provide wage and benefit information, industry members do not understand how to implement the Legislation.

The announcement by the State Defendants that it intends to introduce regulations, prior to the effective date of the Legislation, is a *de facto* admission that the Legislation requires elaboration thorough regulations to make the Legislation comprehensible.  This is hardly surprising because the Legislation contains no relevant definitions and we cannot even fathom how any of the potentially thousands of third party benefits plans may be quantified as to "cash equivalent".

As previously briefed, the purpose of the void for vagueness doctrine is one of basic fairness and due process: giving those subject to the Legislation reasonable notice of the conduct required of them; and on the other hand, eliminating the opportunity for arbitrary enforcement by those charged with enforcement of the Legislation.

The announcement by the State Defendants that they will introduce regulations regarding the Legislation – which regulations will not be adopted until December, or later - but not stay enforcement of the Legislation which becomes effective August 5, swings the balance of the relative harm factor heavily in Plaintiffs' favor.  The announcement also provides further support for Plaintiffs' void for vagueness argument and is willfully ignoring the harms that will be imposed for no purpose other than sowing further panic and confusion, and potential administrative litigation.

**2.   Whether and how Defendants possess lawful authority to issue such regulations.**

The discussion above – and the discussion in Part 3 hereafter – assumes the ability of the State Defendants to adopt regulations interpreting Section 7.  But, based on New

Case 1:23-cv-02494-CPO-MJS   Document 29   Filed 07/03/23   Page 4 of 10 PageID: 380

Honorable Christine P. O'Hearn
Re:    New Jersey Staffing Alliance et als v. State of New Jersey et als
       Docket No: 1:23-cv-02494-CPO-MJS
Page  4

Jersey authorities regarding statutory construction, they do not have the authority to adopt regulations implementing Section 7.

First, the State Defendants' citation at oral argument of N.J.S.A.34:1A-3 (authorizing adoption of regulations where, authorized by law), begs the question, and as noted by the Court, is circular.

New Jersey Guild of Hearing Aid Dispensers v. Long, 75 N.J. 544 (1978), also cited by the State Defendants, is similarly unsupportive of the State Defendants' position regarding the authority to adopt regulations.  The legislation at issue in that case recited that the Legislature "has hereby devised a regulatory mechanism" (N.J.S.A. 45:9A-1) and farther provided that "the committee shall make and promulgate … rules and regulations" "to effectuate the purposes of this act". N.J.S.A. 45:9A-7.  Emphasis added.  The plaintiff in the cited case challenged the substance of the regulations, rather than the ability to make regulations.  Further, New Jersey Guild demonstrates that when the Legislature intends to give an administrative agency authority to enact regulations to effectuate an entire act, it knows how to do so.

In the instant case, N.J.S.A. 34:8D-1 et seq has thirteen sections.  Only two, contained in Subsection 5(i) and subsection 10(c), provide authorization to adopt regulations.  The other 11 sections of the statute, including Section 7, do not.  And, Section 5 and Section 10 are completely irrelevant to the wages and value of benefits to be paid to temporary workers.

The legislature is presumed to know "how to give a person or entity …power…." Fraternal Order of Police, Newark Lodge No. 12 v. City of Newark, 244 N.J. 75, 111 (2020) cert. den. 141 S.Ct. 2596 (2021)(finding that city council could not give subpoena power

to local board). Further, "the Legislature knows how to express its intent, and the presence of explicit language of other statutory provisions may imply a legislative intent different from the expressed language in the Statute at issue." McLaren v. Ups Store, 2021 N.J. Super. Unpub. LEXIS 1510, *11-12. When "'the Legislature has carefully employed a term in one place and excluded it in another, it should not be implied where excluded.'" In re Plan for the Abolition of the Council on Affordable Housing, 214 N.J. 444, 470 (2013)(citing Higgins v. Pascack Valley Hosp., 158 N.J. 404, 419, 730 A.2d 327 (1999) State v. Drury, 190 N.J. 197, 215, 919 A.2d 813 (2007)) In State v. Coviello, 252 N.J. 539 (2023), the court held the legislature had given the Motor Vehicle Commission authority over the ministerial function of implementing the DWI act. It did not give it the power to establish punishment. Id. at 555.

Applying basic legislative intent in the instant case, if the legislature had authorized the commissioner to promulgate regulations with respect to the entire staffing act, it would have included that authorization as a separate section of the statute that referred to the whole act. See e.g., New Jersey Guild. For instance, the legislature passed the Coastal Area Facility Review Act, N.J.S.A. 13:19-1, et seq., which prohibits development in certain coastal areas. N.J.S.A. 13:19-5. In a separate, stand alone section of the act, the legislature included a provision that states, "The department shall, pursuant to the provisions of the 'Administrative Procedure Act,"…, adopt rules and regulations to effectuate the **purposes of this act**. N.J.S.A. 13:19-17a. In the temporary staffing act in the instant case, the legislature provided in two sections (also Section 10) the authority to promulgate regulations **for those sections only-**prohibiting for example in Section 5a temporary service agency from charging a temporary laborer a fee for

transportation. N.J.S.A. 34:8D-5i (The commissioner may promulgate regulations **under this section** in accordance with the "Administrative Procedure Act…."). If it had meant for the agency to have authority to promulgate regulations regarding the entire act, it would have said so.

"[A]n administrative officer is a creature of legislation who must act only within the bounds of the authority delegated to him." In re Closing of Jamesburg High Sch., 83 N.J. 540, 549 (1980)(quoting, Elizabeth Fed. Sav. & Loan Ass'n v. Howell, 24 N.J. 488, 499 (1957)). "Where there exists reasonable doubt as to whether such power is vested in the administrative body, the power is denied." In re Closing of Jamesburg High Sch., 83 N.J. 540, 549 (1980)(citing, Swede v. City of Clifton, 22 N.J. 303, 312 (1956)); See also, In re N.J.A.C. 7:1B-1.1 et seq., 431 N.J. Super. 100, 116-117 (2013) certif. Den. 216 N.J. 8, 363 (2013). An agency possesses only "expressly granted" powers and "those incidental powers which are reasonably necessary or appropriate to effectuate the specific delegation," and "to enable [it] to accomplish its statutory responsibilities." In re N.J.A.C. 7:1B, 431 N.J. Super. at 116-117. In the temporary staffing statute, the only specific grant of authority by the legislature was for the commissioner to establish regulations with regard to N.J.S.A. 34:8D-5i and 10. Therefore, the agency possesses only the power to enact regulations specific to those sections and others that are reasonably necessary to effectuate those same sections. All other powers are denied it.

With regard to the Legislation, the Court must assume that the Legislature knew what it was doing when it expressly granted authority to adopt regulations in certain sections, but not others, including Section 7. The Court should not re-write the Legislation.

Case 1:23-cv-02494-CPO-MJS   Document 29   Filed 07/03/23   Page 7 of 10 PageID: 383

Honorable Christine P. O'Hearn
Re:   New Jersey Staffing Alliance et als v. State of New Jersey et als
        Docket No: 1:23-cv-02494-CPO-MJS
Page  7

The Legislation as written is not comprehensible to the industry and their clients. Regulations cannot repair it because the State Defendants lack the authority to adopt regulations.

**3.   Whether and how Defendants' refusal to consent to a stay of enforcement or limited preliminary injunction during the notice-and-comment period for those proposed regulations affect Plaintiffs' claims.**

Practicality and case law demonstrate that this Court has the authority to grant a preliminary injunction against an agency pending the adoption of a regulation.

Insofar as practicality is concerned, the regulations may resolve issues; <u>e.g.</u>, the void for vagueness issues. Though, as stated above, Plaintiffs believe the State Defendants lack the authority to adopt regulations regarding Section 7's pay and benefit provisions, the regulations eventually adopted may cause Plaintiffs to withdraw their objection. It also would seem to be in the interests of justice for this Court to have a more complete record.

As a practical matter, what harm can occur from maintaining the status quo until, at the earliest, everyone actually knows what Defendants actually mean and how they mean to enforce, and for the Court to have a complete record when it considers Plaintiffs' vagueness claims? This is weighed against misinterpretation and arbitrary enforcement of undefined terms.

Part of the harm to Plaintiffs' members is the risk of joint and several liability of their members and third party employers for substantial penalties for violations of a statute they do not understand.

Honorable Christine P. O'Hearn
Re:  New Jersey Staffing Alliance et als v. State of New Jersey et als
     Docket No: 1:23-cv-02494-CPO-MJS
Page  8

In <u>Connally v. General Const. Co.</u>, 269 U.S. 385 (1926), the Court considered a preliminary injunction against Oklahoma statutes which required payment to workers employed by or on behalf of the State of an amount no less than current rate of wages in the locality which the work is being performed to "laborers, workmen, mechanics, prison guards, janitors in public institutions, or such other persons so employed …". A construction company challenged the statute as an unconstitutional taking, and because the statutes "contain no ascertainable standard of guilt, that it cannot be determined with any degree of certainty what sum constitutes a current wage in any locality; the term "locality" as fatally vague and uncertain." <u>Id</u> at 390.  The Supreme Court stated:

> We are of opinion that this provision presents a double uncertainty, fatal to its validity as a criminal statute. In the first place, the words "current rate of wages" do not denote a specific or definite sum, but minimum, maximum and intermediate amounts, indeterminately, varying from time to time and dependent upon the class and kind of work done, the efficiency of the workmen, etc., as the bill alleges is the case in respect of the territory surrounding the bridges under construction.  The statutory phrase reasonably cannot be confined to any of these amounts, since it imports each and all of them. The "current rate of wages" is not simple but progressive – from so much (the minimum) to so much (the maximum), including all between; and to direct the payment of an amount which shall not be less than one of several different amounts, without saying which, is to leave the question of what is meant incapable of any definitive answer <u>People ex rel. Rodgers v. Coler</u>, 166 N.Y. 1, 24-25.
>
> \*    \*    \*
>
> That the terms of a penal statute creating a new offense must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties, is a well-recognized requirement, consonant alike with ordinary notions of fair play and the settled rules of law.  And a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law.  <u>International Harvester Co. v. Kentucky</u>, 234 U.S. 216, 221; <u>Collins v. Kentucky</u>, 234 U.S. 634-638.

Case 1:23-cv-02494-CPO-MJS   Document 29   Filed 07/03/23   Page 9 of 10 PageID: 385

Honorable Christine P. O'Hearn
Re: New Jersey Staffing Alliance et als v. State of New Jersey et als
    Docket No: 1:23-cv-02494-CPO-MJS
Page  9

The Court affirmed the granting of a preliminary injunction against enforcement, but before any enforcement actually took place.

Though decided almost a century ago, Connally is still sound law in the Third Circuit.  It was quoted in SanFillipo v. Bongiovanni, 961 F.2d 1125, 1135 (3rd Cir. 1990) cert. den. 506 U.S. 908 (1992).  See also Kind Hearts for Charitable Humanitarian Devl. v. Geithner, 647 F. Supp. 2d 657, 688 (D. Oh. 2009).  In Kind Hearts, the Court found a federal executive order void for vagueness. The availability of later judicial review of administrative action did not give rise to a lack of ripeness.  Injunctive relief was proper at that time.

Haddon Twp. Bd. Of Ed. V. New Jersey Dept. of Ed., 476 F. Supp. 681 (D.N.J. 1979), involved reimbursement by the federal Department of Agriculture for certain school lunches.  The lunch program was administered by the State Department of Education.  The general counsel for the federal agency had issued a letter concluding that certain lunches were not reimbursable, and thereafter, the State Department of Education refused to reimburse local school districts for the lunches, and sought reimbursement for the lunches previously funded.  The federal agency argued the case was not ripe because the agency had not sought reimbursement.  The court rejected the contention finding the general counsel's ruling was sufficiently final and that delay in federal review would harm the plaintiff.

The pending effectiveness of the Legislation in the instant case, and its potential enforcement, currently and will continue to cause harm to Plaintiffs' members.  The pending risk to third party members created by soon to be effective Legislation is causing them to find other solutions to satisfy their needs, including moving operations out of

Honorable Christine P. O'Hearn
Re:   New Jersey Staffing Alliance et als v. State of New Jersey et als
      Docket No: 1:23-cv-02494-CPO-MJS
Page  10

state and hiring independent contractors causing damage to Plaintiffs' members.  The State Defendants' refusal to consent to a stay until the conclusion of the comment period and the threat of enforcement upon the Legislation becoming effective, only re-enforces Plaintiffs' concerns of the risks of violation of Legislation they do not comprehend, and resulting exposure to joint and several liability for substantial penalties.

The refusal to consent to a limited preliminary restraint, maintaining the status quo, pending the notice of regulations which the State Defendants admit they are going to adopt, to clarify Legislation which Plaintiffs' declarants have stated they do not understand, demonstrates the State Defendants' unreasonable exercise of their police power, and enhances Plaintiff's claim for preliminary injunctive relief.

## CONCLUSION

For the foregoing reasons and authorities, and those provided in Plaintiffs' previous filings, Plaintiffs' respectfully submit that they are entitled to preliminary injunctive relief.

Respectfully submitted,

/s/Steven B. Harz
Steven B. Harz

DLM/mf

cc:   David L. Menzel, Esq.
      Rubin M. Sinins, Esq.