

# State of New Jersey

| | OFFICE OF THE ATTORNEY GENERAL | |
|---|---|---|
| PHILIP D. MURPHY<br>*Governor* | DEPARTMENT OF LAW AND PUBLIC SAFETY<br>DIVISION OF LAW<br>PO BOX 45029<br>Newark, NJ 07101 | MATTHEW J. PLATKIN<br>*Attorney General* |
| TAHESHA L. WAY<br>*Lt. Governor* | | MICHAEL T.G. LONG<br>*Director* |

May 22, 2024

<u>VIA Electronic Filing</u>
Honorable Christine P. O'Hearn, U.S.D.J.
United States District Court for the District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse, Rm 1050
4th & Cooper Streets, Camden, New Jersey 08102

      Re:  <u>New Jersey Staffing Alliance et al. v. State of New Jersey et al.</u>
           Docket No. 1:23-cv-02494 (CPO/MJS)

Judge O'Hearn:

    I write on behalf of Defendants in the above-captioned matter. For the reasons addressed below, the State Defendants respectfully request a 14-day extension for the opposition to Plaintiffs' Motion for an Indicative Ruling until June 11, 2024. The State Defendants further request that the Court stay the State's response under Federal Rule of Civil Procedure 12 to Plaintiffs' Amended Complaint until after the Court rules on Plaintiffs' pending Motion.

    Plaintiffs filed this lawsuit over a year ago, on May 5, 2023. They did not assert an ERISA preemption claim, although such a theory was available to them at the time. As Your Honor is aware, Plaintiffs instead asserted and have extensively litigated an array of other claims. On June 4, 2024, the Third Circuit will hear oral argument on those claims in Plaintiffs' appeal of this Court's denial of Plaintiffs' original preliminary injunction application.

    Now, Plaintiffs seek to amend their Complaint to add a claim that the challenged law— the New Jersey Temporary Workers' Bill of Rights (TWBR)—is preempted by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 et seq., and to move for an indicative ruling under Rule 62.1 providing that this Court would issue a preliminary injunction ("PI") in Plaintiffs' favor based on ERISA preemption. While the State does not



124 Halsey Street · TELEPHONE: (973) 648-3440 · FAX: (973) 648-3879
*New Jersey is an Equal Opportunity Employer · Printed on Recycled Paper and Recyclable*

oppose Plaintiffs' filing of an Amended Complaint, it will oppose the Motion for an Indicative Ruling. But even setting aside the merits, Plaintiffs' motion is likely procedurally improper. Under Rule 62.1(a), if a court lacks authority to grant a timely motion due to a pending appeal, the court <u>may</u> (1) "defer consideration of such motion," (2) "deny the motion," or (3) "indicate that it would grant the motion of the court of appeals remands the case for that purpose or that the motion raises a substantial issue." This procedural mechanism is designed "to be helpful whenever relief is sought from an order that the court cannot reconsider because the order is the subject of a pending appeal." Advisory Committee Notes, 2009 Adoption of Fed. R. Civ. P. 62.1. Here, however, the interlocutory appeal pending before the Third Circuit concerns this Court's denial of a PI on grounds entirely unrelated to the new ERISA claim. In fact, Plaintiffs acknowledged to the Third Circuit in a letter today that "Appellants do not believe that these subsequent filings in the district court on the issue of ERISA preemption impact at this time the substance of the appeal scheduled for oral argument in this Court on June 4, 2024." *See* No. 23-2419, ECF 40. Accordingly, nothing about the pending appeal warrants considering Plaintiffs' eleventh-hour motion on an expedited basis or forecloses its resolution on an ordinary litigation schedule.

Moreover, emergency briefing is not warranted because Plaintiffs are not seeking a temporary restraining order. Nor would they have grounds to do so. The relevant provisions of the TWBR has been in effect for about nine months, and Plaintiffs offer no basis for an emergency injunction now to change the status quo on which New Jersey workers and the regulated community rely. Any emergency is also self-manufactured, since there is no reason why Plaintiffs could not have pled the ERISA claim in their original Complaint. In fact, the primary case on which the Plaintiffs rely for their new ERISA claim, *Staffing Services Association of Illinois v. Flanagan*, No. 23-16208, 2024 WL 1050160 (N.D. Ill. Mar. 11, 2024), was filed six months ago and decided over two months ago—before the Illinois law at question went into effect. Yet, Plaintiffs waited until yesterday—over 15 months after the TWBR was enacted, and nearly 9 months after the provision challenged went into effect—to plead this new claim and to file the instant motion. The lack of alacrity with which Plaintiffs have acted indicates that there is no need for emergency briefing, and as discussed above, Plaintiffs have acknowledged a ruling is not required before the Third Circuit oral argument. Thus, if the Court is even inclined to consider the Motion for Indicative Ruling, instead of deferring consideration pursuant to FRCP 62.1(a)(1), the State respectfully requests until June 11, 2024 to respond—a 21-day period that is the same amount of time the Court granted for the State's opposition to Plaintiffs' initial preliminary-injunction motion on May 8, 2023, *see* Dkt. 10.

Should Your Honor have any questions, we are available to discuss at your convenience.



Respectfully submitted,
MATTHEW J. PLATKIN

ATTORNEY GENERAL OF NEW JERSEY

By:   /s/ *Nathaniel I. Levy*
Nathaniel I. Levy
Deputy Attorney General
Nathaniel.Levy@njoag.gov

CC:   All Counsel of Record VIA Electronic Filing

