

PHILIP D. MURPHY
*Governor*

TAHESHA L. WAY
*Lt. Governor*

**State of New Jersey**
OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
PO BOX 45029
Newark, NJ 07101

MATTHEW J. PLATKIN
*Attorney General*

MICHAEL T.G. LONG
*Director*

July 18, 2024

**VIA ECF**
Honorable Christine P. O'Hearn, U.S.D.J.
United States District Court for the District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse, Rm 1050
4th & Cooper Streets, Camden, New Jersey 08102

      Re: *New Jersey Staffing Alliance, et al. v. State of New Jersey, et al.*
           Civil Action No. 1:23-cv-02494

Dear Judge O'Hearn:

     I write to address *Delaware State Sportsmen's Association, Inc. v. Delaware*, __ F.4th ____, 2024 WL 3406290 (3d Cir. July 15, 2024), issued after the State submitted its brief. This precedential decision confirms several principles that compel denial of a preliminary injunction.

     First, *DSSA* confirmed that this Court can deny a preliminary injunction without addressing the merits of the ERISA-preemption claim. *Id.* at *5 ("Likely success on the merits is not enough for a preliminary injunction.").

     Second, *DSSA* emphasized that "[t]he 'purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits.'" *Id.* at *4 (citations omitted). While "harm prevention has become a valid reason to grant a preliminary injunction … that 'is not [its] paramount purpose.'" *Id.* (citations omitted). Accordingly, a preliminary injunction may be denied "if a plaintiff's alleged injury does not threaten to moot the case." *Id.* at *5. Here, enjoining the TWBR would alter the status quo, not "preserve the relative positions of the parties;" Plaintiffs also cannot show their alleged injury threatens to "moot the case." *Id.*



124 Halsey Street · TELEPHONE: (973) 648-3440 · FAX: (973) 648-3879
*New Jersey is an Equal Opportunity Employer · Printed on Recycled Paper and Recyclable*

Third, the Court underscored the public-interest factors, noting an injunction may be denied on that basis "[e]ven if the challengers had shown an irreparable injury." *See id.* at *6. ("[A]ny one factor may give a district court reason enough to exercise its sound discretion by denying an injunction."). When, as here, "challengers seek to enjoin enforcement of democratically enacted state laws," "[c]ourts rightly hesitate to interfere with exercises of executive or legislative authority." *Id.* at *8. "Without the clarity of a full trial on the merits … [the federal courts] must err on the side of respecting state sovereignty." *Id.*

Finally, the Court added that a "four-month delay [in seeking a preliminary injunction]" further vitiated any suggestion that there is "an urgent need for speedy action." *Id.* at *8 (noting "equity … assists the diligent, not the tardy" (citation omitted)). Given that Plaintiffs here waited fourteen months after the TWBR's enactment to seek this preliminary injunction, equity compels this Court to deny relief.

Respectfully submitted,

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY

By: /s/ *Eve E. Weissman*
Eve E. Weissman (#093902013)
Deputy Attorney General
New Jersey Division of Law
Eve.Weissman@law.njoag.gov

CC: All Counsel of Record via ECF

